Isaac D. Zorea
Law Office of Isaac Derek Zorea
P.O. Box 210434
Anchorage, AK 99521
(907) 644-2802
(800) 536-1071 facsimile

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

JOHN HUNT,

        Plaintiff,

vs.

LANCE S. BOWIE, in his individual and official capacity as Yukon Flats School District Superintendent; and YUKON FLATS SCHOOL DISTRICT.

        Defendant.

Case No. 4:21-cv-

**COMPLAINT FOR DAMAGES**

    COMES NOW, John Hunt, the plaintiff above named, by and through his attorney, Isaac Derek Zorea, and complains as follows:

**I. JURISDICTION AND VENUE**

    1.1.   At all relevant times, plaintiff, John Hunt, was a resident of the Fourth Judicial District, State of Alaska, and was employed by the Yukon Flats School District, working at the Fort Yukon School, Fort Yukon, Alaska.

    1.2.   At all relevant times, defendant, Lance S. Bowie, Superintendent of Yukon Flats School District, had final decision making authority for personnel employed at the Yukon Flats School District.

COMPLAINT FOR DAMAGES:
HUNT V. BOWIE, ET AL.                                                           PAGE - 1 -

1.3. The Yukon Flats School District is a public school within the State of Alaska.

1.4. Venue is proper in the Fourth Judicial District.

## II. FACTUAL ALLEGATIONS

2.1. On or about August 16, 2018, plaintiff John Hunt accepted an offer to teach at the Fort Yukon School, one of six community schools within the Yukon Flats School District.

2.2. In August 2019, prior to be beginning of the school year, plaintiff discovered significant health and safety concerns with the Fort Yukon School facilities. In particular, his classroom had broken windows, that would not open because they had been screwed shut. Additionally, his class room's door handle was frequently inoperable, making it impossible to exit the room from the inside. Both of these concerns established fire hazzard situations for students and staff.

2.3. Concerning the observed fire hazards that Mr. Hunt discovered, he informed the school's principal, Mr. Porter, and also informed Superintendent Lance S. Bowie. Mr. Hunt even contacted a local window installer to get a quote on fixing the windows. Neither Principal Porter nor Superintendent Bowie corrected the unsafe environment within Mr. Hunt's classroom.

2.4. When the 2019-2020 school year began, Mr. Hunt observed significant safety concerns with the students at Fort Yukon, which he brought to the attention of Principal Porter. Specifically, Mr. Hunt complained to Principal Porter about specific students who threatened his life while at school. Mr. Hunt requested these students be expelled from school, but Principal Porter refused to discipline the students.

2.5. At the beginning of December 2019, Mr. Hunt filed a complaint against Superintendent Lance S. Bowie with the Professional Teaching Practices Commission (PTPC) based on significant misconduct by the Superintendent related to his failure to take protective actions that might have prevented a young girl from being abused by her Father, who was a teacher at Fort Yukon School.

2.6. Given the significant safety concerns that Mr. Hunt experienced at his Fort Yukon job, he believed that he contract with the Yukon Flats School District had become breached, because a safe working environment is an implied element in his teaching contract.

2.7. On December 16, 2019, Mr. Hunt drafted a letter of resignation from his Yukon Flats School District contract. Based on his reading of his contract, he needed permission from the School Board, if he was giving less than 30 days notice of his termination. As such, Mr. Hunt sent his letter of resignation to the School Board, which was in session, asking to be released from his contract on December 19, 2019, as winter break was beginning. Mr. Hunt presented as reasons for his resignation the safety concerns, and the concerns he had about Superintendent Bowie.

2.8. In Mr. Hunt's letter to the Yukon Flats School District School Board, he stated that if necessary he would remain at his job if his reasons for resigning were not considered just cause. However, when Superintendent Bowie learned of Mr. Hunt's letter he interfered with Board reception of his letter by intercepting the letters from reaching the board members.

2.9. After preventing the School Board's consideration of Mr. Hunt's resignation letter, Superintendent Bowie took action to intimidate and harass Hunt by demanding the have a meeting on December 19, 2019.

2.10. Upon learning that Superintendent Bowie intended to have a December 19, 2019 meeting with him, to discuss the PTPC complaint he filed, Mr. Hunt contacted Melody Mann, Director of PTPC, informing her that the Superintendent intended to harass and intimidate him because of the complaint he filed.

2.11. Upon learning that Superintendent Bowie intended to have a December 19, 2019 meeting with him, to discuss the PTPC complaint, Mr. Hunt also contacted Principal Porter to let him know that he felt the Superintendent was harassing him. Based on the Superintendent's conduct, Mr. Hunt told Principal Porter that he would not be returning to Fort Yukon after the Winter break.

2.12. Based on Mr. Hunt's statement that he would not meet with Superintendent Bowie to discuss his PTPC complaints, and Hunt's statement that he would not return to Fort Yukon, Superintendent Bowie took the retaliatory step to terminate Mr. Hunt's employment.

2.13. On December 31, 2019, while Mr. Hunt was still on Winter break, Superintendent Bowie scheduled a pretermination hearing for January 7, 2020. The stated cause for the pretermination hearing was based on allegations of incompetency and substantial noncompliance with his contract. All the reasons for Mr. Hunt's termination were based on his refusal to meet with Superintendent Bowie on December 19, 2019, wherein Bowie intended to intimidate Mr. Hunt about the PTPC complaints he filed.

2.14. Mr. Hunt participated in the January 7, 2020 pretermination hearing, pointing out that he left on December 19, 2019 because he refused to allow the Superintendent to harass him over his PTPC complaints. During the telephonic hearing, Superintendent Bowie refused to address the fact that he had demanded a meeting with Hunt, in violation of the PTPC rules.

2.15. On January 15, 2020, Superintendent Bowie issued Mr. Hunt a Notification of Termination of his contract with the Yukon Flats School District. Mr. Hunt declined the option to have the school board hear his appeal, opting instead to pursue the present claim alleging violations of his rights under the United States Constitution.

### III. CLAIM FOR RELIEF

**A.     VIOLATION OF 42 USC 1983: FIRST AMENDMENT AND DUE PROCESS BY SUPERINTENDENT BOWIE.**

3.1. John Hunt incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.15.

3.2. Plaintiff John Hunt affirms, and states, that he agreed to employment for the 2019-2020 school year with Yukon Flat School District.

3.3. Plaintiff John Hunt affirms, and states, that on or about August 2019, he pointed out to Principal Porter and Superintendent Lance S. Bowie, a state actor, that his classroom was unsafe, having inoperable windows and doors.

3.4. Plaintiff John Hunt affirms, and states, that on or about August through October 2019, he pointed out to his Principal Porter and Superintendent Lance S. Bowie, a state actor, that he was being continually assaulted by his students and had actually had his life threatened by students.

3.5. Despite the fact that policies and procedure in place at the Yukon Flats School District stipulated that the assault against Mr. Hunt should have resulted in discipline to the offending students, Principal Porter and Superintendent Lance S. Bowie refused to implement these policies thereby revoking significant terms and conditions of Hunt's employment without due process, which amounted to a taking on the property interest that he had in his state employment, in violation of his Fourth Amendment protections.

3.6. Due to the incompetent and wilfully negligent manner by which Superintendent Bowie ignored the safety concerns by Mr. Hunt, he wrongfully took away Hunt's ability to work at his job.

3.7. Plaintiff John Hunt affirms, and states, that in December 2019, he filed a confidential PTPC complaint against Superintendent Lance S. Bowie, concerning misconduct by the Superintendent concerning a teacher at Fort Yukon School.

3.8. Plaintiff John Hunt affirms that in retaliation for his continued complaints about his safety concerns and reports of injuries caused by his students, and the PTPC complaint he filed against Superintendent Bowie, all protected speech by Hunt under the First Amendment, Superintendent Lance S. Bowie retaliated against Hunt by terminating his employment.

3.9. Rather than use his position of authority under state law to ensure that Mr. Hunt had a safe work environment, Superintendent Bowie used his authority to retaliate against Mr. Hunt's First Amendment complaints by wrongfully terminating.

3.10. Furthering his abuses toward Mr. Hunt, Superintendent Bowie, ignored the complaints Mr. Hunt made about his safety, and thereby deprived him of his property interest in his continued employment at the Yukon Flats School District.

3.11. As damages for the conduct alleged above, plaintiff, John Hunt, seeks all remedies available under 42 USC § 1983, including but not limited to payment of all compensation, including future pay, penalties, liquidated damages, emotional harm, punitive damages and attorney fees.

**B. VIOLATIONS OF STATE OF ALASKA WHISTLEBLOWER ACT, ALASKA STATUTE 39.90.100 - 90.139.**

3.12. Plaintiff John Hunt, incorporates all the facts and allegations listed above, specifically paragraphs 2.1 to 2.15.

COMPLAINT FOR DAMAGES:
HUNT V. BOWIE, ET AL.                                                                 PAGE - 6 -

3.13. Plaintiff John Hunt affirms, and states, that the Yukon Flats School District violated the Whistleblower Act when it allowed Superintendent Lance S. Bowie to discharge him for speaking on matters of public concern.

3.14. At all time relevant to this legal claim, Plaintiff John Hunt was employed as a public employee, protected against retaliation and discrimination for reporting a matter of public concern, per AS 39.90.100 - 39.90.150.

3.15. During the time of his employment as a public employee, Principal Porter and Superintendent Lance S. Bowie were his supervisors, working for the Yukon Flats School District.

3.16. At various times during his employment, Plaintiff John Hunt brought to the attention of Principal Porter and Superintendent Lance Bowie various matters of public concern related to safety concerns and student violence at the Fort Yukon School.

3.17. Also, John Hunt brought to the attention of the PTPC complaints against Superintendent Bowie, concerning matters of public concern.

3.18. Plaintiff John Hunt alleges that as a direct and proximate result of his bringing health and safety concerns to Principal Porter and Superintendent Bowie, and for his bring forward PTPC complaints against Superintendent Bowie, he suffered retaliation by Superintendent Bowie, which directly impacted the terms and conditions of his employment.

3.19. Plaintiff John Hunt alleges that as a direct and proximate result of his bringing health and safety concerns to Principal Porter and Superintendent Bowie, and for his bringing forward PTPC complaints, Superintendent Bowie retaliating against him for acting under the Whistleblower Act, adversely impacted his contract with the Yukon Flats School District, causing him severe and substantial damages, including financial loss, diminished earning capacity, litigation expenses including

attorney fees, loss of reputation, public humiliation, embarrassment, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, John Hunt, requests judgment against defendant Superintendent Lance S. Bowie, in his Individual and Official capacity, and Yukon Flats School District, as follows:

1. As damages for defendant Yukon Flats School District, when it permitted the termination John Hunt's employment, plaintiff seeks compensatory damages, emotional damages, humiliation, lost pay and benefits, future pay and lost opportunity for advancement in excess of the jurisdictional threshold of this court, with the exact amount to be proven at trial.

2. As compensation for defendant Superintendent Lance S. Bowie's violation of 42 U.S.C. § 1983, when in his individual and official capacity, he authorized, and participated in, the retaliation, of John Hunt on the basis of his constitutionally protected conduct, plaintiff seeks compensatory damages, emotional damages, humiliation, and punitive damages in excess of the jurisdictional threshold of this court, with the exact amount to be proven at trial.

3. Plaintiff John Hunt seeks all permissible attorney fees, and court costs, pursuant to 42 U.S.C. § 1988, related to bringing forward this civil cause of action.

4. Plaintiff John Hunt further seeks such other relief as the court may deem just and proper based on the egregious nature of defendants' conduct.

/

/

/

COMPLAINT FOR DAMAGES:
HUNT V. BOWIE, ET AL.                                                                PAGE - 8 -

Dated this 19th day of April 2021.

                                        S/ Isaac Zorea
                                        Law Offices of Isaac D Zorea
                                        P.O. Box 210434
                                        Anchorage, AK 99521
                                        Telephone: (907) 830-1385
                                        Facsimile: (800) 536-1071
                                        E-mail: Eyedz@gci.net